BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
  fbottini@bottinilaw.com
Albert Y. Chang (SBN 296065)
  achang@bottinilaw.com
Yury A. Kolesnikov (SBN 271173)
  ykolesnikov@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002

*Attorneys for Plaintiff Natalie Ocegueda*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATALIE OCEGUEDA, derivatively on behalf of FACEBOOK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK ZUCKERBERG, SHERYL SANDBERG, MARC ANDREESSEN, ANDREW W. HOUSTON, ERSKINE B. BOWLES, JEFFREY D. ZIENTS, SUSAN DESMOND HELLMANN, NANCY KILLEFER,TRACEY T. TRAVIS, ROBERT M. KIMMITT, REED HASTINGS, PETER A. THIEL, and DOES 1–30, <br><br> Defendants. | Case No. 3:20-cv-04444-LB <br><br> **Plaintiff's Opposition to Defendants' Request for Judicial Notice** <br><br> Hearing Date: March 4, 2021 <br> Time: 9:30 a.m. <br> Courtroom: Courtroom B – 15th Floor <br> Judge: Hon. Laurel Beeler |

## INTRODUCTION

The Court should decline to take judicial notice of Exhibits A, D, E, G, H, I, J, and K. Most of these documents are presented to dispute the well-pleaded allegations of the complaint and, except as noted below, fail to fit within the narrow exceptions enunciated and applied by the Ninth Circuit in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). Indeed, two of the documents did not even exist when the complaint was filed. As discussed below, under *Khoja*, judicial notice is not proper and must be denied as to Exhibits A, D, E, G, H, I, J, and K.

## LEGAL STANDARD

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. There are two exceptions to this rule: "the incorporation-by-reference doctrine" and "judicial notice under Federal Rule of Evidence 201." *Id.* The exceptions, however, are limited in scope.

In *Khoja*, the Ninth Circuit expressed concern about the practice in securities cases, similar to what Defendants are seeking to do here, of "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage":

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine … can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Id.* The Ninth Circuit accurately assessed that the "exceptions" had begun to swallow the four corners rule, particularly in federal securities litigation such as the instant litigation. As a remedy, the Court reigned in the lower court's admission and consideration of certain proffered documents by circumscribing and further explaining the types of materials allowable under each exception.

The *Khoja* analysis is applied below to demonstrate the impropriety of considering Defendants' proposed Exhibits A, D, E, G, H, I, J, and K for the purposes requested by Defendants.

1

Plaintiff's Opposition to Defendants' Request for Judicial Notice

## ARGUMENT

### I.     Exhibit A

Exhibit A is a four-page excerpt from the Company's 157-page Form 10-K for 2019. Defendants purportedly offer Exhibit A for the "Company's description of its business." RJN at 5. Although the document itself may be subject to judicial notice, the statements therein are not because they are not relevant to the allegations in the complaint and Plaintiff's claims do not rely on Exhibit A. Judicial notice is also not proper under the incorporation-by-reference doctrine because Plaintiff did not reference Exhibit A in her complaint. *See Khoja*, 899 F.3d at 1002–03.

### II.    Exhibits B & C

Exhibits B and C are the 2019 Proxy and 2020 Proxy that were filed with the SEC. Plaintiff agrees that these are legally cognizable SEC-filed documents that are subject to judicial notice because Plaintiff has relied upon and based claims upon those documents, but only for the enunciated purpose of presenting the challenged statements and their context. To the extent Defendants rely upon these exhibits to introduce extrinsic facts and argue various interpretations of those facts, Plaintiff objects to their admission. *See id.* at 1006 (district court abused its discretion by incorporating SEC proxy and incentive plan filings for the improper purpose of going "beyond testing the sufficiency of the claims and into the realm of factual disputes").

### III.   Exhibit D

Exhibit D is a self-serving, unsworn statement allegedly made by defendant Zuckerberg and posted on the Company's website. This statement is not referenced in the complaint, nor are Plaintiff's claims based on this statement. Accordingly, judicial notice is not proper under the incorporation-by-reference doctrine. *See, e.g.*, *id.* at 1003–04 (district court abused discretion by incorporating a blog post mentioned in a footnote). Judicial notice is also not proper under Rule 201, because this is not "a fact that is not subject to reasonable dispute." FED. R. EVID. 201(b).

Indeed, Defendants attempt to introduce Exhibit D for the improper purpose of contradicting Plaintiff's allegations. MTD at 8. This is simply not allowed. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible

for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief.").

## IV. Exhibit E

Exhibit E is the Company's Form 10-Q filed with the SEC and dated July 31, 2020 — 29 days *after* the filing of the instant complaint. Because it was created after the complaint was filed, judicial notice is not proper under the incorporation-by-reference doctrine. Nor is judicial notice proper under Rule 201. As a document filed with the SEC, the *existence* of this Form 10-Q may be subject to judicial notice. But that is *not* the purpose for which Defendants offer it. Rather, Defendants submit Exhibit E to controvert Plaintiff's allegations and to create their own version of the facts by suggesting that "the Company reported successful financial results for the fiscal quarter even in the face of the global COVID-19 pandemic and a corresponding economic slowdown." *See* MTD at 8, 35. Again, this is not proper. *See, e.g.*, *Khoja*, 889 F.3d at 999–1000 (although an investor call transcript submitted to the SEC qualified for judicial notice, the district court abused its discretion in using the transcript "to determine what the investors knew about the status of the Light Study at that time"); *id.* at 1000–01 (although an agency report qualified for judicial notice, the district court abused its discretion in judicially noticing its contents).

As the Ninth Circuit observed: "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint — accepted as true at the pleading stage — can easily topple otherwise cognizable claims." *Id.* at 1003. Thus, judicial notice is not proper.

## V. Exhibits G, H, I, J, & K

Exhibit G is an undated document that purports to be a page of the Company's website listing members of the Company's Board at an unspecified point in time. Judicial notice is not proper under the incorporation-by-reference doctrine because Plaintiff does not refer to this document in the complaint. Moreover, judicial notice is not proper under Rule 201(b) because it cannot be said that the contents of this undated documents are "not subject to reasonable dispute."

3

Plaintiff's Opposition to Defendants' Request for Judicial Notice

Exhibit H is an undated excerpt from the Company's media gallery listing executive pictures and titles. Exhibit I is the Company's undated web pages containing the terms of service. Exhibit J is an article dated July 12, 2020 (ten days *after* the complaint was filed) about a purportedly current Facebook employee. Exhibit K is a two-page June 10, 2014 website post from MIT Technology Review listing Jay Parikh, a now former employee of Facebook.

Once again, judicial notice of these exhibits is not proper because they are not referenced in Plaintiff's complaint. Indeed, because it was created after the complaint was filed, Exhibit J is clearly outside of the incorporated-by-reference doctrine.

Most egregiously, Defendants offer Exhibits G, H, I, J, and K for the improper purpose of contradicting Plaintiff's allegations and creating their own narrative and version of facts. *See* MTD at 28 ("Plaintiff is wrong. Facebook has two Black directors and has had two since the 2019 Proxy, and four out of nine directors are women.") (relying on Exhibit G); *id.* at 27 (relying on Exhibits H, J, and K to argue that Plaintiff's allegations are "simply wrong"); *id.* at 6 (relying on Exhibit I to argue that Facebook's Terms of Service prohibit users from doing or sharing anything "unlawful, misleading, discriminatory or fraudulent"). As the Ninth Circuit held in no uncertain terms in *Khoja*, this is not permitted at the pleading stage. *See* 889 F.3d at 998, 1002–03.

## CONCLUSION

Other than in the limited instances noted above, Defendants are not seeking to introduce the foregoing materials to establish their mere existence, dates, context, or notice. Rather, they seek to dispute Plaintiff's well-pleaded allegations by offering these exhibits as an attempt to craft a completely new evidentiary record, something entirely inappropriate at the motion to dismiss stage. Indeed, along with their motion to dismiss, which references extraneous information contained in the exhibits, Defendants submit disputable, and disputed, facts — laden with self-serving inferences — for the Court's adjudication. As the Ninth Circuit held, however, most of these documents are not entitled to judicial notice under the two narrowly-deliniated exceptions. Thus, the Court should decline to take judicial notice of Exhibits A, D, E, G, H, I, J, and K.

///

///

| | |
|---|---|
| Dated:  December 22, 2020 | Respectfully submitted, |
| | BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>Albert Y. Chang (SBN 296065)<br>Yury A. Kolesnikov (SBN 271173) |
| | <u>           s/ Francis A. Bottini, Jr.          </u><br>         Francis A. Bottini, Jr. |
| | 7817 Ivanhoe Avenue, Suite 102<br>La Jolla, California 92037<br>Telephone:  (858) 914-2001<br>Facsimile:    (858) 914-2002<br>fbottini@bottinilaw.com<br>achang@bottinilaw.com<br>ykolesnikov@bottinilaw.com |
| | *Attorneys for Plaintiff* |