**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
 *fbottini@bottinilaw.com*
Albert Y. Chang (SBN 296065)
 *achang@bottinilaw.com*
Yury A. Kolesnikov (SBN 271173)
 *ykolesnikov@bottinilaw.com*
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:   (858) 914-2002

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NATALIE OCEGUEDA, derivatively on behalf of FACEBOOK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK ZUCKERBERG, SHERYL SANDBERG, MARC ANDREESSEN, ANDREW W. HOUSTON, ERSKINE B. BOWLES, JEFFREY D. ZIENTS, SUSAN DESMOND-HELLMANN, NANCY KILLEFER, TRACEY T. TRAVIS, ROBERT M. KIMMITT, REED HASTINGS, PETER A. THIEL, and DOES 1-30, <br><br> Defendants, <br><br> - and - <br><br> FACEBOOK, INC., <br><br> Nominal Defendant. | CASE NO. 3:20-cv-04444-LB <br><br> **Plaintiff's Statement of Recent Decision** <br><br> Hon. Laurel Beeler <br> Courtroom B – 15th Floor |

Pursuant to Civil Local Rule 7-(d)(2), Plaintiff Natalie Ocegueda submits a statement of recent decision in support of her motion for extension of time within which to file an amended complaint so that she can propound an inspection demand for books and records on Facebook, Inc.

On April 8, 2021, the Honorable James V. Selna issued an order in *Falat v. Sacks*, Case No. SACV 20-1782 JVS (KESx) (C.D. Cal.), a similar shareholder derivative action asserting claims for breach of fiduciary duties and violation of § 14(a) of the Securities Exchange Act of 1934. Judge Selna granted defendants' motion to dismiss for failure to adequately plead demand futility with leave to amend, allowing the shareholder plaintiff to propound an inspection demand on the company pursuant to *King v. VeriFone Holdings, Inc.*, 12 A.3d 1140, 1150 (Del. 2011). A true and correct copy of the *Falat* decision is attached as **Exhibit A**.

DATED: April 13, 2021                          Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
  *fbottini@bottinilaw.com*
Albert Y. Chang (SBN 296065)
  *achang@bottinilaw.com*
Yury A. Kolesnikov (SBN 271173)
  *ykolesnikov@bottinilaw.com*

         s/ Francis A. Bottini, Jr.
          Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:   (858) 914-2002

*Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1782 JVS (KESx) | Date | April 8, 2021 |
| Title | Frank Falat v. Rodney Cyril Sacks et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motions to Dismiss

Before the Court are three motions:

First, Defendants Rodney Cyril Sacks, Hilton Hiller Schlosberg, Thomas J. Kelly, Emelie C. Tirre, Mark J. Hall, Kathleen E. Ciaramello, Gary P. Fayard, Jeanne P. Jackson, Steven G. Pizula, Benjamin M. Polk, Sydney Selati and Mark S. Vidergauz (collectively, the "Individual Defendants"), filed a motion to dismiss the Complaint of Plaintiff Frank Falat ("Falat"). Individual Mot., Dkt. No. 30. Falat opposed. Individual Opp'n., Dkt. No. 40. The Individual Defendants replied. Individual Reply, Dkt. No. 42.

Second, Nominal Defendant Monster Beverage Corporation ("Monster"), filed a motion to dismiss Falat's Complaint. Monster Mot., Dkt. No. 31. Falat opposed. Opp'n. to Monster, Dkt. No. 38. Monster replied. Monster Reply, Dkt. No. 41

Third, Monster and the Individual Defendants (collectively,"Defendants") filed a request for judicial notice. RJN, Dkt. No. 32. Falat filed an opposition to the RJN. Opp'n. to RJN, Dkt. No. 39. The Defendants filed a reply. Reply to RJN, Dkt. No. 43

For the following reasons, the Court **GRANTS** both motions to dismiss, **with leave to amend**, and **GRANTS** the RJN.

**I. BACKGROUND**

The following facts are alleged in Falat's Complaint. Compl, Dkt. No. 1.

Monster is a Delaware corporation with its headquarters in Corona, California, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1782 JVS (KESx) | Date | April 8, 2021 |
| Title | Frank Falat v. Rodney Cyril Sacks et al. | | |

is publicly listed on the NASDAQ. Id. ¶ 43. Through its subsidiaries, Monster employs more than 3,500 people and distributes its line of Monster Energy Drinks and other beverages worldwide. Id. ¶¶ 43, 46, 48.

Defendants Rodney C. Sacks ("Sacks"), Hilton H. Schlosberg ("Schlosberg"), Mark J. Hall ("Hall"), Kathleen E. Ciaramello ("Ciaramello"), Gary P. Fayard ("Fayard"), Jeanne P. Jackson ("Jackson"), Steven G. Pizula ("Pizula"), Benjamin M. Polk ("Polk"), Sydney Selati ("Selati"), and Mark S. Vidergauz ("Vidergauz") (collectively, the "Director Defendants") are members of Monster's Board. Id. ¶¶ 44–45, 49–56. Sacks is also Monster's CEO, and Schlosberg is its President, COO, and CFO. Id. ¶¶ 44–45. Ciaramello is European Refreshments' designee to the Board. Id. ¶ 50. European Refreshments is an indirect wholly-owned subsidiary of The Coca-Cola Company, which owns a stake in Monster. Id.; see also McDonald Decl., Ex. 4, at 7. Defendants Emelie C. Tirre ("Tirre") and Thomas J. Kelly ("Kelly") (together, the "Non-Director Defendants") are executive officers of Monster: Tirre is President of the Americas, and Kelly is the Executive Vice President, Finance, for Monster's main operating subsidiary. Compl, Dkt. No. 1 ¶¶ 47, 48.

Fayard, Pizula, and Selati served on the Board's Audit Committee. ¶ 86. The Audit Committee is responsible for, *inter alia*, "review[ing] and discuss[ing] with management the risks faced by the Company," including "legal matters," and ensuring "compliance with the Company's ethical standards for senior financial officers and all personnel." Id. ¶¶ 212, 265–266. Polk, Selati, and Vidergauz served on the Nominating and Corporate Governance Committee ("Nomination Committee"). Id. ¶ 86. Pursuant to the Nomination Committee's charter, "[d]iversity of race, ethnicity, gender, sexual orientation and gender identity are factors in evaluating suitable candidates for Board membership." Id. ¶ 73.

The Director Defendants failed to fulfill a duty to ensure diversity on the Board and in senior management. Id. ¶¶ 104, 223, 236. "Monster is a company run by white males" (Id. ¶ 18) that "has never had an African American or other minority Board member" (Id. ¶ 179). There are also "no African Americans among the Company's senior executives." Id. ¶ 4. Greater diversity is in Monster's own interest, as studies show that greater board diversity is associated with increased
profits. Id. ¶ 16. In 2014, the Board opposed a Board Diversity Proposal by the New York State Retirement Fund, stating that adopting the proposal was "not in the best interests of the Company or its shareholders" because it was "unnecessarily restrictive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1782 JVS (KESx)   Date  April 8, 2021

Title  Frank Falat v. Rodney Cyril Sacks et al.

and would not maintain the necessary flexibility in the nominating process to ensure that the most qualified candidates are selected as directors." Id. ¶¶ 110–111.

Moreover, the Individual Defendants failed to ensure compliance with federal and state anti-discrimination laws. Id. ¶¶ 230-36, 269-70. In 2018, five former female Monster employees sued the Company over its discriminatory, abusive culture. Id. ¶ 20. One of the women sued Monster and one of its executives, Brent Hamilton ("Hamilton"), alleging that during a work trip, Hamilton choked her, bit her thumb, and pulled her hair so violently that clumps of it came out. Id. Hamilton was arrested, but for over three years, including as he awaited trial, Hamilton was allowed to keep his job as the Head of Music Marketing at Monster. Id. ¶ 125. During this time, Hamilton continued to sexually harass women at Monster. Id. It was only after he was caught sending sexually explicit texts to a co-worker that Hamilton was let go in 2019. Id. In another instance, Monster Vice President John Kenneally was allowed to remain at Monster despite three women accusing him of bullying, harassment, and retaliation. Id. ¶ 128. The Board was fully aware of these allegations, which, among other things, were publicly reported beginning in at least 2018, but failed to take action to protect the female employees. Id. ¶¶ 147–148. Further, the Company financially rewarded the male executives who engaged in the wrongdoing and knowingly condoned wrongful retaliation against the women who had reported the harassment. Id. ¶ 147.

Female employees at Monster have also alleged they were paid less than men and passed over for promotions. Id. ¶ 31. Monster is best known for aggressively marketing energy drinks to boys and men with slogans such as "Unleash the Beast" and drink names such as "Assault" and "Maxx." Id. ¶ 19. Monster uses scantily clad "Monster Girls" in leather bikini tops to market the Company's products. Id. ¶¶ 123, 152

Monster's Directors, wishing to avoid public backlash, have repeatedly made misrepresentations in the Company's public statements by claiming to have a policy of being committed to diversity and inclusion. Id. ¶ 5. The Individual Defendants knowingly caused Monster to make false and misleading statements regarding its commitment to diversity in its Code of Business Conduct and Ethics, on its website, and in its proxy statements filed with the SEC in April 2019 and April 2020 (respectively, the "2019 Proxy" and the "2020 Proxy" and, collectively, the "Proxies"). See id. ¶¶ 91-100, 175-221. In the proxies, the Company misleadingly stated, "[a]mong the qualifications to be considered in the selection of candidates, the Nominating and Corporate Governance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1782 JVS (KESx)   Date  April 8, 2021

Title  Frank Falat v. Rodney Cyril Sacks et al.

Committee considers the experience, knowledge, skills, expertise, [and] diversity...” and that “[t]he charter for the Nominating and Corporate Governance Committee specifically states that diversity of race, ethnicity, gender, sexual orientation and gender identity are factors in evaluating suitable candidates for Board membership.” Id. ¶ 178. Moreover, in its Code of Ethics, Monster claims that “[t]he diversity of the Company's employees, officers and directors is a tremendous asset.” Id. ¶ 71. Monster's Directors have deceived stockholders and the market by claiming to have diversity and inclusion programs that have been so successful that the Company represents that diversity is a "tremendous asset." Id.  In doing so, the Directors have breached their duty of candor and have also violated the federal securities laws. Id. ¶ 5.

Finally, the Director Defendants lavished Monster executives with "huge salaries" and "massive pay packages." Id. ¶¶ 228-29. Sacks and Schlosberg, in particular, received unjust compensation. Id. ¶¶ 237-40, 247. In fiscal year 2019, the Company paid Sacks total compensation of $13,982,434; Schlosberg total compensation of $13,939,299; and its President, Guy P. Carling, total compensation of $1,885,951. Id. ¶ 32. In fiscal year 2018, the Company paid Sacks total compensation of $13,914,931; Schlosberg total compensation of $13,885,207, and Carling total compensation of $3,039,171. Id.

Falat brings a shareholder derivative action on behalf of Monster against the Individual Defendants for: breach of fiduciary duty (Count 1); aiding and abetting the breach of fiduciary duty (Count 2); abuse of control (Count III); unjust enrichment (Count IV); and violation of Section 14(a) of the Securities and Exchange Act and SEC Rule 14a-9 (Count V). See generally id.

## II. LEGAL STANDARD

### A. Request for Judicial Notice

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).

### B. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-1782 JVS (KESx)                    Date   April 8, 2021

Title   Frank Falat v. Rodney Cyril Sacks et al.

upon which relief can be granted. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To resolve a Rule 12(b)(6) motion under Twombly, a court must follow a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. As such, a pleading must allege facts that permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555). A court considering a motion to dismiss may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific; the Court must draw on its experience and common sense, but there is no plausibility where the court cannot "infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

**A. Request for Judicial Notice**

The Defendants seek judicial notice of 16 documents. RJN, Dkt. No. 32, at 1–2. Specifically, they ask the Court to take judicial notice of the following documents:

1. Monster's June 12, 2015 Amended and Restated Certificate of Incorporation
2. Monster's 2018 Proxy Statement
3. Monster's 2019 Proxy Statement
4. Monster's 2020 Proxy Statement
5. A List of Select Monster Historical Stock Prices

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1782 JVS (KESx)     Date   April 8, 2021

Title    Frank Falat v. Rodney Cyril Sacks et al.

6. Monster's 2019 10-K
7. Monster's June 15, 2015 8-K
8. Monster's April 19, 2019 8-K
9. Monster's June 8, 2020 8-K
10. A Letter from CalPERS and Comptroller of the City of New York Regarding Proposed Proxy Access Bylaw (May 23, 2017)
11. Jon Lukomnik, "Board Refreshment and Trends at S&P 1500 Firms", Harvard Law School Forum on Corporate Governance (Feb. 9, 2014)
12. Monster's Code of Business Conduct
13. Sarah Lozano v. Monster Energy Co., No. RIC1612318 (Cal. Super. Riverside Cty., Filed Sept. 22, 2016)
14. Emily Peck, "Trapped Inside the Monster Energy Frat House," Huffington Post (March 29, 2018 7:19 pm, updated March 30, 2018)
15. Emily Peck, "Monster Energy Ousts Executive Nearly 3 Years After Assault Charges", Huffington Post (May 14, 2019, 5:45 am)
16. Theron Mohamed, "This Century's Best-Performing US Stock Sells Energy Drinks, Not iPhones," Business Insider (April 16, 2019)

Id. Falat filed an opposition to the RJN, arguing that the Court should decline to take judicial notice of documents 2, 6–10, 13, and 16. Opp'n. to RJN, Dkt. No. 39. The Defendants filed a reply. Reply, Dkt. No. 43

The Court finds that Documents 1 through 10 and 13 are all matters of public record not subject to reasonable dispute. The Court finds that Document 11, 12, 14, and 15 are incorporated by reference because they are relied on extensively by Falat in his Complaint. Accordingly, the Court **GRANTS** the RJN with respect to these documents. The Court is aware of Falat's concern that some of these documents are being submitted for their content rather than their existence, but the Court will take notice of these documents only for their appropriate purposes and not for their use in contradicting Falat's allegations. See Opp'n. to RJN, Dkt. No. 39, at 3. The Court finds that Document 16 is a publicly available document (a news article), and its authenticity and the accuracy of the underlying data are not subject to reasonable dispute. Accordingly, the Court also **GRANTS** the RJN with respect to Document 16.

**B. Demand Futility**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1782 JVS (KESx) | Date | April 8, 2021 |
| Title | Frank Falat v. Rodney Cyril Sacks et al. | | |

Monster argues that the Court should dismiss Falat's complaint because a shareholder derivative suit such as this one requires that a plaintiff make a demand on the board or adequately plead demand futility, and that Falat has done neither. Monster Mot., Dkt. No. 31, at 8. The Court agrees.

A shareholder bringing a derivative action "must state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors...; and (B) the reasons for not obtaining the action or making the effort." Fed. R. Civ. P. 23.1(b)(3)(B). Falat did not make a demand but alleged that it would be futile because the defendants are not disinterested, ignored unlawful practices, and face substantial liability for their conduct and the false statements in the proxy statements. Falat must plead with particularity why the demand would be futile. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 989 (9th Cir. 1999); In re Facebook, Inc. S'holder Derivative Privacy Litig., 367 F. Supp. 3d 1108, 1123 (N.D. Cal. 2019).

Rule 23.1 controls the adequacy of the pleadings, but Delaware law controls whether a demand is futile because Delaware is Monster's state of incorporation. City of Birmingham Relief & Ret. Sys. v. Hastings, No. 18-cv-02107-BLF, 2019 WL 3815722, at *4 (N.D. Cal. Feb. 13, 2019). The demand is excused if the Falat alleged particularized facts that "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." Rales v. Blasband, 634 A.2d 927, 934 (Del. 1993). Directors are deemed "interested" only "when the potential for liability is not a mere threat and instead may rise to a substantial likelihood." Ryan v. Gifford, 918 A.2d 341, 355 (Del. Ch. 2007). A director is "interested" if he or she has a personal interest not shared by the corporation or faces a "substantial likelihood" of personal liability regarding the subject of the complaint. Rales, 634 A.2d at 936. The interestedness of each board member must be assessed using a "detailed, fact-intensive, director-by-director analysis." In re infoUSA S'holders Litig., 953 A.2d 963, 985 (Del. Ch. 2007).

This inquiry focuses on the capability of the board — at the time the lawsuit is filed — to consider the pre-suit demand. Id. A court assesses demand futility on a director-by-director basis, and the complaint must "plead facts specific to each director, demonstrating that at least half of them could not have exercised disinterested business judgment in responding to a demand." In Re Facebook, 367 F.3d at 1124 (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1782 JVS (KESx) | Date | April 8, 2021 |
| Title | Frank Falat v. Rodney Cyril Sacks et al. | | |

Desimone v. Barrows, 924 A.2d 908, 943 (Del. Ch. 2007)); accord Towers v. Iger, 912 F.3d 523, 539 (9th Cir. 2018).

First, Monster asserts that Sacks and Schlosberg are not interested merely because they are management. Monster Mot., Dkt. No. 31, at 8. Specifically, Monster states that Falat erred by stating that the Board conceded in the Company's SEC filings that Sacks and Schlosberg are not independent directors of the Company, arguing that Falat confuses the concept of an "independent director" within the meaning of NASDAQ rules with the concept of "independence" in the demand futility context. Id. Monster goes on to point out that NASDAQ Rule 5605 defines an "independent director" as "a person other than an Executive Officer or employee of the Company or any other individual having a relationship which . . . would interfere with the exercise of independent judgment in carrying out the responsibilities of a director," whereas independence in the demand futility context focuses on whether one director is dominated and controlled by another director who lacks disinterestedness. Id.

Falat responds that Sacks, Schlosberg, and Hall (who has served in various high-level management positions at the company since 1997) "have served on the Board for three decades and have held and continue to hold significant managerial positions at the Company. . .." Opp'n. to Monster, Dkt. No. 38 at 12. Falat cites to In re NutriSystem, Inc. Derivative Litig. for the proposition that "[c]ontrary to Monster's arguments, 'Delaware courts have found that directors who are corporate employees lack independence because of their substantial interest in retaining their employment." 666 F. Supp. 2d 501, 515 (E.D. Pa. 2009)(collecting cases). The Court agrees with Falat that Sacks, Schlosberg, and Hall are sufficiently interested as both long-term directors and managers to excuse demand with respect to those individuals.

Regarding the balance of directors, Monster argues that Falat fails to show that any director faces a substantial risk of personal liability sufficient to overcome the presumption of disinterestedness and independence. Monster Mot., Dkt. No. 31, at 9. Falat argues that the directors do, in fact, face a substantial risk of personal liability, and proceeds to argue that each of the claims he brings is likely to succeed against each director. See Opp'n. to Monster, Dkt. No. 38, at 15–25. The Court agrees with Monster that Falat cannot show that any director faces a substantial risk of personal liability sufficient to excuse demand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-1782 JVS (KESx)     Date April 8, 2021

Title    Frank Falat v. Rodney Cyril Sacks et al.

      First, regarding the alleged breach of fiduciary duty, the Court finds that Falat has failed to plead a viable claim for breach of fiduciary duty under Delaware law. Monster's Certificate of Incorporation exculpates the Director Defendants from personal liability "to the fullest extent permitted" by Delaware law. See Individual Mot., Dkt.. No. 30, at 9. Accordingly, to survive this motion, Falat must have alleged facts plausibly suggesting that the Director Defendants acted in bad faith or engaged in intentional misconduct or knowing violation of the law. Id.; see also In re Baxter Int'l, Inc. S'holders Litig., 654 A.2d 1268, 1270 (Del. Ch. 1995). Falat has not done so, nor has he plead sufficient facts to overcome Delaware's business judgment rule, under which directors and officers are presumed to have "acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company," Pfeffer v. Edwards, 2014 WL 12567168, at *7 (C.D. Cal. Dec. 8, 2014). With respect to Falats's claims about racial diversity, Delaware imposes no duty to maintain diversity on a Board of Directors, and the Court declines to engage in judicial lawmaking in order to create such a duty. As such, the Court finds that there is no substantial risk of liability for the directors as it relates to Falat's allegations regarding lack of diversity on the Board.

      Regarding the Caremark claim, the Court similarly finds that there is no substantial risk of liability for the directors for the alleged lack of oversight and failure to monitor Monster's compliance with the law. The Court finds that Falat's allegations do not amount to the requisite "red flags" that tend to show that a board knowingly disregarded illegality as required by the Caremark standard. As the Individual Defendants point out, Falat does not allege that Monster was ever found liable in any of the 2018 lawsuits claiming harassment or discrimination. Individual Mot., Dkt. No. 30, at 14. Moreover, the Complaint acknowledges that after the harassment allegations came to light, an independent-third party—who was hired by and reported to the Board—carried out an investigation into sexual harassment and gender based discrimination and retaliation at the Company, and that the principal alleged offenders have been fired or have resigned. Id. (citing Compl., Dkt. No. 1 ¶¶ 12, 148-49, 259).

      Regarding the allegedly false statements, the Court finds that the statements in question that Monster "seek[s] to capture diversity in [its] candidates" and "does not tolerate" harassment or discrimination (Compl., Dkt. No. 1 ¶¶ 92, 98-99) are mere puffery and do not constitute objectively verifiable statements of fact. As such, there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1782 JVS (KESx)                     Date   April 8, 2021

Title     Frank Falat v. Rodney Cyril Sacks et al.

no significant risk of liability for the directors with respect to the alleged breach of fiduciary duty for false statements.

What is more, because the Court found that Falat has not plead a cognizable claim for breach of fiduciary duty, his claim for unjust enrichment necessarily fails as well. See, e.g., Calma ex rel. Citrix Sys., Inc. v. Templeton, 114 A.3d 563, 591-92 (Del. Ch. 2015) (dismissing unjust enrichment claim as "duplicative" because "there is no alleged unjust enrichment separate or distinct from the alleged breach of fiduciary duty"). As such, this could not be a source of liability for the directors. Falat's claim for aiding and abetting a breach of fiduciary duty must fail for the same reason that the Court dismissed the duplicative excessive compensation claim– it cannot stand absent a finding of breach of fiduciary duty. Accordingly,
the Court finds that there is no substantial risk of liability for the directors as it relates to Falat's aiding and abetting allegations.

In sum, Falat did not plead demand futility with particularity. Accordingly, the Court finds that demand was not excused on the board, and **GRANTS** both motions to dismiss on the grounds that demand was not properly made on the board, **with leave to amend**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Individual Defendants' motion to dismiss. The Court also **GRANTS** Monster's motion to dismiss. The Court has considered Falat's hearing request regarding the Court's tentative order on this motion. See Request, Dkt. No. 44. The Court finds that oral argument will not be helpful in this matter.  Fed. R. Civ. P. 78; L-R 7–15. However, although the Court has determined that Falat failed to demonstrate that demand was excused, the Court **GRANTS** Falat leave to amend pursuant to King v. VeriFone Holdings, Inc., 12 A.3d 1140, 1150 (Del. 2011), whereby shareholders whose derivative actions are dismissed with leave to amend can seek books and records for purposes of amending the complaint's allegations with regard to demand futility. The Court also **GRANTS** the RJN.

**IT IS SO ORDERED.**